IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES DONALD JACKSON, JR.,

        Petitioner,

   v.

MARK NOOTH,

        Respondent.

Case No. 2:13-cv-00798-ST

FINDINGS AND RECOMMENDATION

    James Donald Jackson, Jr.,
    6341425
    Eastern Oregon Correctional Institution
    2500 Westgate
    Pendleton, OR 97801-9699

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Kristen E. Boyd, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his 1995 state court convictions of Sexual Abuse, Rape, and Coercion. Because petitioner failed to file his Petition for Writ of Habeas Corpus within the applicable statute of limitations, the Petition should be dismissed.

## BACKGROUND

Petitioner was convicted in 1995 of Rape in the First Degree, Sexual Abuse in the First Degree, Sexual Abuse in the Second Degree, and Coercion. The trial court found him to be a Dangerous Offender under Oregon law and sentenced him to 698 months in prison. Respondent's Exhibit 101.

Petitioner filed a direct appeal, and the Oregon Court of appeals affirmed the trial court's decision without opinion. *State v. Jackson*, 141 Or. App. 597, 918 P.2d 459 (1996). Petitioner declined to file a petition for review with the Oregon Supreme Court, and his direct appeal became final on October 4, 1996. Respondent's Exhibit 104.

Approximately two years later, on October 2, 1998, petitioner filed for post-conviction relief ("PCR") in Malheur County, but the PCR trial court denied relief on all of his claims. Respondent's Exhibit 110. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. *Jackson v. Lampert*, 182 Or. App. 384, 52 P.3d 448, *rev. denied*, 334

2 - FINDINGS AND RECOMMENDATION

Or. 631, 54 P.3d 1041 (2002). The PCR appellate judgment issued on October 3, 2002.

Petitioner claims that in 2007, he first became aware of an Oregon statute, ORS 138.690, which allows individuals convicted of certain categories of crimes to move for DNA testing of evidence relevant to their crimes. On January 15, 2008, he filed a motion in the Multnomah County Circuit Court seeking DNA testing of semen recovered from his victim. Respondent's Exhibit 117, p. 7. The court denied the motion on the basis that the DNA evidence from petitioner's case "had been destroyed pursuant to police policy in 2000." Respondent's Exhibit 107. It also recognized that petitioner had admitted during his trial that the semen belonged to him: "[Criminalist] Randy Wampler in fact found my semen. I don't dispute that fact, he found my semen on a dress." Petitioner's Exhibit 217, pp. 54-55; Petitioner's Exhibit 207, ER 3.12.

Petitioner appealed this decision, and the Oregon Court of Appeals granted the State's Motion to Dismiss, finding no justiciable controversy because the DNA evidence was no longer available for testing. *Id.* The Oregon Supreme Court denied review, and the appellate judgment issued on October 23, 2012. Respondent's Exhibit 108.

Petitioner signed and mailed his Petition for Writ of Habeas Corpus to this court on April 30, 2013 alleging that: (1) he was denied due process during his 2007 DNA proceedings when his case

3 - FINDINGS AND RECOMMENDATION

was subjected to dubious delays, and the trial judge indicated he did not understand how Oregon's DNA statute worked; (2) he was denied his right to counsel when he was not allowed to substitute attorneys during his 2007 DNA proceedings; and (3) his 1995 criminal convictions were obtained through fraud and misconduct on the part of the police and the prosecuting attorneys. Respondent asks the court to dismiss the Petition because petitioner did not file it within the time allowed, and because petitioner's claims were denied in a state court decision based upon an independent and adequate state ground.

## **FINDINGS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4 - FINDINGS AND RECOMMENDATION

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

While petitioner raises claims pertaining to his 2007 DNA hearing, this habeas corpus challenge is directed to petitioner's detention pursuant to his 1995 convictions and resulting Judgment. Petition (docket #3), p. 1. Accordingly, pursuant to 28 U.S.C. 2244(d)(1)(A), petitioner had one year from the date the 1995 convictions became final (October 4, 1996) in which to file this case.

AEDPA's statute of limitations ran unabated between October 4, 1996, and the filing of petitioner's PCR Petition on October 2, 1998. Due to the passage of almost two years, petitioner had already breached AEDPA's one-year statute of limitations before he even filed for state collateral review. In fact, according to the court's calculation, and assuming that both the state PCR action and the DNA motion were "properly filed" under 28 U.S.C. § 2244(d)(2) so as to toll AEDPA's statute of limitations during the pendency of those proceedings and subsequent appeals, petitioner allowed a total of 2,820 untolled days to elapse before filing the current action.

Petitioner does not dispute that his case is untimely, but he alleges that this default should be excused because he is actually innocent. A gateway showing of actual innocence pursuant to *Schlup*

5 - FINDINGS AND RECOMMENDATION

*v. Delo*, 513 U.S. 298 (1995), can excuse a petitioner's failure to timely file his habeas corpus petition. *McQuiggin v. Perkins*, --- U.S. ----, 133 S.Ct. 1924, 1928 (2013); *Lee v. Lampert*, 653 F.3d 929, 932 n. 5(9th Cir. 2011) (*en banc*).  In order to demonstrate actual innocence under *Schlup*, petitioner must present the court with new evidence of his innocence so strong that "the court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."  *Schlup*, 513 U.S. at 316.

Petitioner does not present any new evidence that he is actually innocent of his criminal conduct.  Instead, he challenges the validity of the evidence admitted during his criminal trial and contends that the procedures of Oregon's DNA statute were neglected for the purpose of concealing prosecutorial and police misconduct during his underlying criminal trial.

Because petitioner's evidentiary arguments could have been presented to the criminal trial court, they do not constitute new evidence.  In addition, a review of the documents petitioner has submitted reveals that, aside from petitioner's bare allegations to the contrary, there is no indication that the DNA evidence was destroyed in order to mask any prosecutorial and police misconduct. During petitioner's DNA hearing, it appeared that the DNA evidence had been destroyed pursuant to standard police procedure and, as petitioner's appointed attorney in that proceeding noted, any

issues pertaining to the preservation of the DNA were not relevant to that proceeding. Petitioner's Exhibit 207, ER 3.4. The judge agreed. *Id* at ER 3.17-3.19. While it is unfortunate that petitioner could not avail himself of DNA testing, the State's destruction of that evidence does not, without evidence of intentional malfeasance, render petitioner actually innocent of his crimes under *Schlup*. This is especially true where, as noted above, petitioner admitted during his criminal trial that the DNA evidence recovered from the victim belonged to him.

Petitioner also claims that his untimely filing should be excused because he was misled by his direct appellate attorney who informed him that his appeal constituted his "second to last stage of his state exhaustion remedies" and that a letter from his attorney "clearly misguides the next stage of the appeals process was post-conviction relief[.]" Memorandum in Support (docket #61), p. 11. The court has reviewed the letters in Petitioner's Exhibits 203 and 203A and finds that petitioner's direct appellate attorney properly advised him regarding Oregon's appellate procedures and the statute of limitations applicable to state PCR actions. Specifically, counsel: (1) informed petitioner of the Oregon Court of Appeals direct review decision affirming his convictions; (2) advised him that he would have to file any petition for review *pro se* in light of the *Balfour* brief filed with the Oregon Court of Appeals, and described the procedural requirements applicable to

7 - FINDINGS AND RECOMMENDATION

such a petition; and (3)notified him of the issuance of the October 4, 1996 appellate judgment terminating his direct appeal, while also informing him of the two-year statute of limitations applicable to state PCR actions.

While counsel did not advise petitioner of AEDPA's one-year statute of limitations applicable to federal habeas corpus cases, he was under no duty to do so. Consequently, counsel's omission of any information regarding AEDPA's limitation period does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (equitable tolling warranted only where extraordinary circumstances made it impossible for petitioner to timely file habeas action); *cf. Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), *cert. denied*, 540 U.S. 924 (2003) (AEDPA's one-year statute of limitations, even though in tension with Oregon's two-year PCR statute of limitations, nevertheless allows Oregon prisoners an adequate opportunity to file for federal habeas relief).

Because the Petition for Writ of Habeas Corpus is untimely, and because petitioner is unable to excuse that default, the Petition should be dismissed.

///
///
///

8 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

The Petition for Writ of Habeas Corpus (docket #3) should be dismissed on the basis that it is untimely, and the court should enter a judgment dismissing this case with prejudice. The court should also decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due May 9, 2014. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 22nd day of April, 2014.

        S/   Janice M. Stewart
            Janice M. Stewart
            United States Magistrate Judge